IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LARRY AND OLGA JOHNSON,                    Civ. No. 06-6297-AA

        Plaintiff,                         OPINION AND ORDER

    v.

NICHOLAS W. TELEW,

        Defendant.
———————————————————

AIKEN, Judge:

    Plaintiffs, appearing *pro se*, filed a complaint against defendant Nicholas Telew, M.D., alleging national origin discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* and 42 U.S.C. § 1981 and disability discrimination under the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.* and the Rehabilitation Act of 1973, 29 U.S.C. § 794.

    Defendant moves to dismiss plaintiffs' complaint for failure to state a claim for which relief can be granted. Defendant's motion is granted.

1 - OPINION AND ORDER

STANDARD

Under Fed. R. Civ. P. 12(b)(6), dismissal for failure to state a claim is proper only when it appears to a certainty that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). Pro se complaints are to be construed liberally and may be dismissed only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972) (internal quotation marks and citation omitted); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988) (the court must construe pro se pleadings "liberally and must afford plaintiff the benefit of any doubt"). At the same time, the court "may not supply essential elements of the claim that were not initially pled." Ivey v. Board of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

ALLEGED FACTS

Plaintiffs are husband and wife and citizens of Oregon. Olga Johnson is of Russian origin and is not proficient in English. Defendant is a practicing medical doctor of psychiatry with an office in Springfield, Oregon.

On or about May 10, 2006, Olga Johnson filed a workers' compensation claim for work-related stress. The workers' compensation carrier is SAIF Corporation (SAIF). On May 18, 2006,

Olga Johnson's treating medical providers diagnosed her with major depression resulting from work-related stress and provided SAIF with a physician's report reflecting that diagnosis.

SAIF arranged for an independent medical examination of Olga Johnson to be performed by defendant on June 14, 2006 with the assistance of a federally-funded translation service. According to plaintiffs, defendant refused the services of the Russian translator and required that the examination be conducted in English.

On or about July 10, 2006, defendant issued a medical examination report that allegedly contained numerous mistakes, and based on this report, SAIF denied Olga Johnson's claim for workers' compensation benefits.

Plaintiffs allege that defendant's refusal to allow Olga Johnson to utilize the services of the Russian translator resulted in lost income, worsening of Olga Johnson's mental health, humiliation, pain, and suffering.

DISCUSSION

A.  Real Party in Interest

Defendant maintains that plaintiff Larry Johnson is not the real party in interest in this action. I agree.

Aside from the constitutional minimum of standing, courts "require as a prudential matter" that a party assert its "own legal interests as the real party in interest." Dunmore v. United

3 - OPINION AND ORDER

States, 358 F.3d 1107, 1112 (9th Cir. 2004); see also Fed. R. Civ.
P. 17(a) ("Every action shall be prosecuted in the name of the real
party in interest.").   Here, plaintiffs do not allege that Larry
Johnson was denied any services or otherwise discriminated against
on the basis of his national origin or disability.   Therefore, I
consider plaintiff Olga Johnson to be the real party in interest.

B.  *Younger* Abstention

     Defendant argues that plaintiffs' claims must be dismissed,
because plaintiffs essentially seek federal court intervention in
or invalidation of a pending state administrative proceeding.   See
Younger v. Harris, 401 U.S. 37, 43-44 (1971).   "Under *Younger* and
its progeny, federal courts should abstain from intervening in
pending state judicial proceedings out of deference to the
interests of comity and federalism." Kleenwell Biohazard Waste &
General Ecology Consultants, Inc. v. Nelson, 48 F.3d 391, 393 (9th
Cir. 1995) (citing Ohio Civil Rights Comm'n v. Dayton Christian
Schools, Inc., 477 U.S. 619, 626-27 (1986)).   Accordingly, *Younger*
abstention applies and dismissal is required when "(1) state
judicial proceedings are pending; (2) the state proceedings involve
important state interests; and (3) the state proceedings afford the
federal plaintiff an adequate opportunity to litigate federal
constitutional claims." Wiener v. County of San Diego, 23 F.3d
263, 266 (9th Cir. 1994).

     Defendant argues that Olga Johnson's workers' compensation

4 - OPINION AND ORDER

claim remains pending, and plaintiffs do not dispute this assertion.    Further, plaintiffs do not dispute defendant's assertion that the state administrative proceedings involve important state interests.

Rather, plaintiffs argue that *Younger* abstention does not apply, because the Workers' Compensation Board is not a court of law.    Plaintiffs are incorrect.    It is well-established that the *Younger* doctrine has been extended to pending state administrative proceedings if judicial in nature.    See <u>Bud Antle, Inc. v. Barbosa</u>, 45 F.3d 1261, 1272 (9th Cir. 1994).    Here, Olga Johnson requested an administrative hearing before an administrative law judge.    <u>See</u> Plaintiffs' Reply to Defendant's Motion to Dismiss, Exs. I and J.

Plaintiffs also maintain that *Younger* abstention does not apply, because they cannot assert their federal constitutional claims before the Workers' Compensation Board.    However, "even if a federal plaintiff cannot raise his constitutional claims in state administrative proceedings that implicate important state interests, his ability to raise the claims via state judicial review of the administrative proceedings suffices." <u>Kenneally v. Lungren</u>, 967 F.2d 329, 332 (9th Cir. 1992) (internal quotation marks and citations omitted).    Under Oregon law, Olga Johnson may seek review of an order of the Workers' Compensation Board with the Oregon Court of Appeals and the Oregon Supreme Court.    Or. Rev. Stat. §§ 656.298(1) and 2.520.

Therefore, I find that *Younger* abstention applies and requires dismissal of plaintiffs' claims. Regardless, even if abstention in not appropriate, I find that plaintiffs fail to state a claim under the Civil Rights Act of 1964, 42 U.S.C. § 1981, the ADA, or the Rehabilitation Act.

C.  Civil Rights Act Claims

In their complaint, plaintiffs allege a violation of Title VII of the Civil Rights Act of 1964. However, as defendant correctly argues in his memorandum in support of his motion to dismiss, Title VII prohibits discrimination in employment, and it is undisputed that defendant was not Olga Johnson's employer. In response to defendant's motion, plaintiffs now claim that they intended to bring a cause of action under Title VI, which prohibits discrimination in federally funded programs and activities. See 42 U.S.C. § 2000d et seq.

Title VI forbids discrimination on the basis of race, color, or national origin by any "program or activity" that receives federal funding. 42 U.S.C. § 2000d. Thus, "the text of Title VI also precludes liability against those who do not receive federal funding, including individuals." Shotz v. City of Plantation, 344 F.3d 1161, 1169-70 (11th Cir. 2003). Plaintiffs do not allege that defendant receives federal funding; rather, they allege that the translation services receive federal funds. Therefore, plaintiffs cannot maintain a cause of action under Title VI.

D.  Section 1981 Claim

Plaintiffs also allege a claim under 42 U.S.C. § 1981.  To establish liability under § 1981 the plaintiff must prove that he or she was subjected to intentional discrimination based upon his or her race or ethnic characteristics, rather than solely on the basis of the place or nation of origin or religion.  See Saint Francis College v. Al-Khazraji, 481 U.S. 604, 612-13 (1987).  Here, plaintiffs allege discrimination solely on the basis of national origin; therefore, § 1981 does not apply.

E.  ADA and Rehabilitation Act Claims

Plaintiffs allege that defendant violated the ADA and the Rehabilitation Act by refusing to allow Olga Johnson to utilize the assistance of a Russian translator during her medical examination.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.[1] A "public

------

[1]Plaintiffs do not identify the provision of the ADA that defendant allegedly violated, although the court assumes that plaintiffs intended to assert a claim under Title II.  Defendant assumes that plaintiffs intended to assert a claim under Title III, prohibiting disability discrimination in places of public accommodation.  See 42 U.S.C. § 12182(a).  To the extent defendant is correct, I also find that plaintiffs fail to state a claim under Title III, because they do not allege that Olga Johnson was denied the services of a place of public accommodation on the basis of her disability.

entity" includes state and local governments, and "any department, agency, special purpose district, or other instrumentality of a State or States or local government." Id. § 12131(1)(A),(B).

Title II of the ADA was expressly modeled after § 504 of the Rehabilitation Act, and Congress' intent was that Title II extend the protections of the Rehabilitation Act to cover all programs of state or local governments and that it "work in the same manner as Section 504." Duvall v. County of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001); Hainze v. Richards, 207 F.3d 795, 799 (5th Cir. 2000) (citation omitted). The ADA specifically provides that "[t]he remedies, procedures and rights" available under Section 504 shall be the same as those available under Title II. 42 U.S.C. § 12133. Accordingly, I consider plaintiffs' ADA and Rehabilitation Act claims together. Duvall 260 F.3d at 1136; Hainze, 207 F.3d at 799.

To state a claim of disability discrimination under Title II of the ADA, a plaintiff must allege four elements: 1) the plaintiff is qualified individual with a disability; 2) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities; and 3) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. Duvall, 260 F.3d at 1135.

I find that plaintiffs fail to state a claim under the ADA or the Rehabilitation Act. First, defendant is not a "public entity" as defined by the ADA; he is a psychiatrist whose services were

obtained to perform an independent medical examination of Olga Johnson.  Thus, plaintiffs do not allege that a public entity discriminated against Olga Johnson or excluded her from participating in translation services.  Second, plaintiffs do not allege that defendant refused the services of a Russian translator because of her disability; plaintiffs' claims are based solely on national origin discrimination.  Therefore, plaintiffs' disability discrimination claims must fail.

<u>CONCLUSION</u>

Construing plaintiffs' claims liberally and with all inferences in their favor, I find that *Younger* abstention applies and requires dismissal of this action.  Alternatively, I find that plaintiffs' fail to state a claim for which relief may be granted, and that these deficiencies cannot be cured by amendment.  Accordingly, defendant's motion to dismiss (doc. 4) is GRANTED.

IT IS SO ORDERED.

Dated this 2ⁿᵈ day of ~~January,~~ 2007.

Ann Aiken
United States District Judge